Supreme Court
No. 2019-471-M.P.

In re S.B.                                    :

## **O R D E R**

The Supreme Court's Committee on Character and Fitness (committee) filed with the Court a recommendation, pursuant to Article II, Rule 4(c) of the Supreme Court Rules on Admission of Attorneys and Others to Practice Law, that the Applicant, S.B. (S.B. or applicant),[1] be granted admission to the Rhode Island Bar.

The applicant, an out-of-state lawyer authorized to practice law in Massachusetts, was hired by Duffy & Sweeney, Ltd. (Duffy & Sweeney), a Rhode Island law firm with a single office located in Providence, Rhode Island, as an associate attorney. The applicant commenced working at Duffy & Sweeney as an associate in August 2018 and shortly thereafter was listed as an associate on the firm's webpage.

In November 2018, S.B. filed a petition for admission to the Rhode Island Bar. The applicant was subsequently referred to the full committee due to concerns that applicant's employment as an associate attorney at Duffy & Sweeney constituted the unauthorized practice of law under Article V, Rule 5.5 of the Supreme Court Rules of Professional Conduct.

Rule 5.5, titled "Unauthorized practice of law; Multijurisdictional practice of law," in pertinent part, provides:

> "(b) A lawyer who is not admitted to practice in this jurisdiction shall not:
>
> "(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or

---

[1] Because the Court grants applicant admission to the bar, we will refer to the applicant by her initials.

"(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

On June 5, 2019, applicant appeared with counsel (a partner at Duffy & Sweeny) to address the Rule 5.5 concerns. Based upon applicant's testimony, the committee was satisfied that applicant had performed the work of a legal assistant supervised by two of the firm's partners and had not practiced law in Rhode Island, but the committee also concluded that reference to applicant as an associate on the firm's webpage was a violation of Rule 5.5(b)(2). The committee further found that applicant's petition did not raise any additional concerns and that applicant had otherwise demonstrated that she was of good moral character and fitness to practice law. Therefore, notwithstanding the perceived violation of Rule 5.5, the committee recommended that applicant be granted full admission to the Rhode Island Bar.

The Court is mindful that the partners at Duffy & Sweeney assigned the title of associate to the applicant and that the partners held out the applicant as authorized to practice law in Rhode Island by referring to her as an associate on the firm's website. The Court is not inclined to penalize the applicant for the conduct of Duffy & Sweeney as it relates to the facts presented here. The Court would remind all attorneys that, as officers of the Court, they are expected to lead by example and to guide our future lawyers as to the conduct that is appropriate under our Court rules. The Court is dismayed that at last check the applicant continues to appear on the Duffy & Sweeney website as an associate with the firm, even after the applicant appeared before the committee and the committee cautioned the firm on its use of the term *associate* to describe employees hired before they are authorized to practice law in Rhode Island. We deem it prudent to remind the partners at Duffy & Sweeney of their professional obligation under Rule 5.5(a) that "[a] lawyer

shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

For these reasons, we accept the recommendation of the committee and hereby grant the applicant's petition for admission to the Rhode Island Bar.

Entered as an Order of this Court this *13th day* of *December 2019.*

By Order,

_____/s/_____
Clerk

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In re S.B. | |
| **Case Number** | No. 2019-471-M.P. | |
| **Date Order Filed** | December 13, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Character and Fitness Committee | |
| **Judicial Officer From Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Committee:<br><br>Julie P. Hamil, Esq. | |
| | For Applicant:<br><br>Stacey P. Nakasian, Esq. | |